BATCHELDER, Circuit Judge,
Dissenting..
I respectfully dissent, not because I have any quarrel with either the reasoning or the result in the majority opinion, but because the record in this case contains absolutely no evidence upon which we can determine that we have jurisdiction over this appeal. According to the NLRB’s decision, all of the activity complained of occurred in Indiana. The record contains no reference to or evidence of any activity or business facility anywhere other than in Indiana. Guardian’s brief says that jurisdiction is proper in this court under 29 U.S.C. § 160(f), but does not discuss the factual basis for jurisdiction. The NLRB’s Cross-Application for Enforcement specifically states that
The Court has jurisdiction over this cross-application pursuant to Section 10(e) and (f) of the National Labor Relations Act, as amended (29 U.S.C. § 160(e) and (f)), because the Respondent is aggrieved by the Board’s order. Venue is proper in this Circuit because the unfair labor practiee(s) occurred in Evansville, Indiana.
The NLRB’s brief explicitly states that jurisdiction is proper in the Sixth Circuit because the activity that is the subject of the action occurred in Indiana. But Indiana, the parties may be surprised to learn, is not in the Sixth Circuit.
The statutes cited by the NLRB provide, in pertinent part:
(e) Petition to court for enforcement of order; proceedings; review of judgment
The Board shall have power to petition any court of appeals of the United States, or if all the courts of appeals to which application may be made are in vacation, any district court of the United States, within any circuit or district, respectively, wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order
29 U.S.C. § 160(e).
(f) Review of final order of Board on petition to court
Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business ...
29 U.S.C. § 160(f).
Additionally, Rule- 15(b) of the Federal Rules of Appellate Procedure, which governs applications to enforce orders of the NLRB, requires that the application must contain, among other things, “the facts upon which venue is based.” Fed. R.App. P. 15(b)(3).
Not wanting to be too hasty in concluding that we lack jurisdiction over this appeal, we specifically inquired of the parties what the basis for jurisdiction in this circuit might be. The petitioner did not respond, but the NLRB sent a letter advising that counsel for Guardian had “represented” to counsel for the Board that Guardian has facilities in Michigan and Kentucky, and therefore, jurisdiction is proper under Section 10(f) of the NLRA (29 U.S.C. § 160(f)). While I do not question that jurisdiction is indeed proper in this circuit if Guardian has facilities within this circuit, I do not think that the repre *771 sentation of counsel for one party based on the representation of counsel for the other suffices to demonstrate the facts upon which our jurisdiction must be premised. ■